UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 14 CR 708 |
| v. ) | |
| ) | Judge Edmond E. Chang |
| KIT CARL KLEHM ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE**

The United States of America, by John R. Lausch, Jr., United States Attorney for the Northern District of Illinois, respectfully submits the following response to defendant Kit Carl Klehm's motion for termination of supervised release. For the reasons stated below, the government opposes defendant's motion.

1. On December 8, 2014, defendant, Kit Carl Klehm, was arrested for wire fraud and appeared before Magistrate Judge Sidney I. Schenkier for his initial appearance. Defendant eventually was released on a $50,000, own recognizance bond. DKE. 9.

2. On May 14, 2015, a federal grand jury returned an indictment that charged the defendant with six counts of wire fraud, in violation of Title 18, United States Code, Section 1343. DKE. 40.

3. On May 21, 2015, defendant was arraigned before this Court and entered a plea of not guilty to all counts of the indictment (DKE. 48), but, On March 22, 2016, withdrew that plea and entered a plea of guilty to Count One of the indictment, pursuant to a plea agreement with the government. DKE. 59.

4. As the plea agreement, government's version and government's sentencing memoranda make clear, the nature of the defendant's criminal conduct was especially devious.

DKE. 59, 61, 84 and 86). For 27 months, almost on a daily basis, the defendant continuously deceived and manipulated the victim into giving him over $565,000, for what the victim thought was the manufacturing of furniture that the two would sell to retail establishments. Specifically, the defendant made the victim believe that the two had deals with Restauration Hardware ("RH") and Canadian Tire ("CT"), to purchase the furniture that they purportedly were having manufactured. In reality, however, the defendant simply was pocketing the victim's money that the victim believed was being paid to Chinese manufacturers. To carry out the fraud against the victim, the defendant used a dizzying array and number of fraudulent documents, including fraudulent purchase orders from the purported retailers, fraudulent invoices from the purported Chinese manufacturers, and fraudulent quality inspection documents. Additionally, to hide the fact that he was directing the victim to wire money to him and not Chinese manufacturers, the defendant used his associates' bank accounts that were titled to corporations, and his own account in China that also was titled to a corporation.

5. Even more brazen and revealing, while on bond, defendant commenced and executed an entirely new and intricate fraud scheme against another victim company, netting him over $26,000. DKE. 70 and 74. As a result of that conduct, this Court revoked defendant's bond.

6. Exhibiting an even greater disrespect for the law and judicial process, however, in support of his false denial of the above conduct, defendant obstructed the administration of justice by submitting to this Court and the government a fraudulent affidavit and supporting documentation. DKE. 74 and 79.

7. The persistent and brazen nature of defendant's fraudulent, criminal conduct, particularly that which he engaged in while under the authority of this Court, demonstrates that he requires continued supervision to deter him, protect the public from further crimes by him and

promote respect for the law.

  Wherefore, the government respectfully moves that this Court deny defendant's motion for early termination of supervised release.

            Respectfully submitted,

            JOHN R. LAUSCH, JR.
            United States Attorney

By: /s/ Yusef Dale
   YUSEF DALE
   Assistant U.S. Attorney
   219 South Dearborn St., Rm. 500
   Chicago, Illinois 60604
   (312) 886-7645

Dated: October 18, 2021